NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL DAVID JOSEPH,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>KRAFT HEINZ FOODS COMPANY, INC.;<br>et al.,<br><br>     Defendants-Appellees. | No. 16-55742<br><br>D.C. No. 2:15-cv-09399-AB-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted May 24, 2017[**]

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

 Joel David Joseph appeals pro se from district court's judgment dismissing

his diversity action alleging state law claims arising out his purchase of cashew

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Joseph's request for oral
argument, set forth in his reply brief, is denied.

products without country of origin markings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013). We affirm.

The district court properly dismissed Joseph's claims under California's Unfair Competition Law ("UCL") because Joseph failed to allege facts sufficient to show that he relied on the absence of a country of origin marking on defendants' cashew products in making his purchases. *See* Cal. Bus. & Prof. Code § 17204 (standing under the UCL requires plaintiff's injury to occur "as a result of" defendant's misconduct); *Kwikset Corp. v. Super. Ct.*, 246 P.3d 877, 885-88 (Cal. 2011) (to establish standing to bring a UCL claim, a plaintiff must allege economic injury and reliance on defendant's alleged misrepresentation).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**